NO. 9:21cv43 RC/KFG

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 08 2021
BY
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (LUFKIN DIVISION)

SAMMY CRAIG
Plaintiff,

v.

AMERICAN HONDA MOTOR CO.
Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff SAMMY CRAIG respectfully submits this Original Complaint against Defendant **AMERICAN HONDA MOTOR CO.** for the following reasons.

For clarity and brevity, the Plaintiff, may be referred to as "Washington" or "Plaintiff", and the Defendant, may be referred to as "the Defendant."

## PARTIES

1. Plaintiff **SAMMY CRAIG** is currently a resident of Nacogdoches County, Texas.

2. Defendant **AMERICAN HONDA MOTOR CO.** is a resident of California. The Company's registered agent is CT CORPORATION SYSTEMS, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324, and the Company may be served at that address, or wherever they may be found.

## STATEMENT OF THE CASE

3. Plaintiff is suing Defendant under the federal lemon law, which has a four-year statute of limitations.. Plaintiff believes this statute of limitation should be tolled.

4. Plaintiff SAMMY CRAIG originally purchased a new, yellow 2010 Honda GL 1800 Goldwing on March 21, 2011 from the H & W Honda dealership in Palestine, Texas. Said motorbike was under warranty at the time, but Plaintiff purchased the extended warranty as well. Soon after the purchase, the bike started spitting and sputtering and jerking, nearly knocking Plaintiff off the bike. Initially, it was believed that bad gasoline had been purchased and Plaintiff thought nothing of it.

5. A month or so later it happened again. Then again and again. As a result, Plaintiff took the bike to the shop in Palestine, TX, for repair multiple times (7) for the same issue, and he decided to contact an attorney after the bike was in the shop for a two-year period with nothing being done. The shop was initially raving about how great it was running.

6. But in actually the bike was riding worse than it was before. The problems only surface after riding it for awhile. The second place they had Plaintiff send his bike for warranty repair work was in Marshall, TX. That place kept his bike for 2 years and 2 weeks. They could not fix it.

7. Subsequently, Plaintiff was asked to send the bike to their best mechanic for another attempt to repair the motorbike. The new repair shop was 250 miles away in Dallas and Plaintiff had to finance the transport of bike on his own dime. After said repairs were done this time, Plaintiff tried to drive the bike back but had

to call his wife to rescue him about 40 miles outside of Dallas because the bike was still undriveable literally. He could not get back home to Nacogdoches riding the motorcycle he had invested his life savings into….

8. Plaintiff purchased the bike for about $25,000 and then put $40,000 in extras on the bike to personalize it. He feels he has wasted his money on a bike that has been sitting and sitting and sitting in his garage for years now. The bike has been in the repair shop for more time than he rode it. Defendants made sure they held the bike long enough for the warranty to run out in 2017, then that was it.

9. Plaintiff almost sustained injuries as a result of the defective motorbike, and therefore brings this action for money damages in an attempt to also receive restitution for punitive damages that are being sought as well.

## NATURE OF THE CASE AND JURISDICTION

10. The basis for federal jurisdiction is diversity. Plaintiff is a citizen of Texas and resident of Nacogdoches, Texas. Defendant is from California. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. This Court has jurisdiction for these reasons.

11. **Breach of Contract and/or Express or Implied Warranty:** The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group*, LLC, 490 F.3d 380, 387 (5th Cir. 2007). The elements of a claim for anticipatory breach of contract under Texas law are: (1) absolute repudiation of a contractual obligation; (2) lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Enis v. Bank of America,N.A.*, 3:12-cv-295-D, 2012 WL 4741073, at *4 (N.D. Tex. Oct. 3, 2012) (citing Gonzalezv. Denning, 394 F.3d 388, 394 (5th Cir. 2004)). "To absolutely repudiate, a party must, through words or actions, declare an unconditional intent not to perform the contract according to its terms." Id.

12. **Violations of the Magnuson-Moss (Lemon Law) Warranty Act:** To prevail under the federal lemon law act, a plaintiff must show there is a valid warranty, the product was presented for repaid during the warranty period, and the manufacturer failed to conform the product to the provisions of the warranty within a reasonable amount of time or number of repair attempts. Mr Craig's situation certainly fits the bill, and he should be absolutely entitled to benefit from all the protections provided by this law.

13. Both of these claims have a four-year statute of limitations, and Plaintiff qualifies on all points. All elements of these claims are satisfied. Arguably, he should have until sometime in 2021 to file suit.

## CONTINUING TORTS DOCTRINE

14. In any case, Plaintiff's Complaint is being made in good faith. The facts of this case cannot be easily disputed. Indeed, Plaintiff had only contacted Attorney Robert Jones regarding this matter in September 2017. It was only when Mr. Craig realized that Honda was NOT going to actually be able to completely repair his motorcycle was it that he decided to file suit. Furthermore, Honda kept promising the attorney that plaintiff would be getting a new bike. But once they figured out the statute of limitations may have run on this matter, opposing counsel reneged on that promise. But instead, they kept stringing plaintiff and his attorney along with additional promises. As a result of the frustration with being given the run-around, Plaintiffs counsel has filed this suit seeking the Court's help with resolving this dispute.

**The Statute of Limitations is Tolled in this Case.**

15. While, under the basic accrual theory, a cause of action accrues when a wrongful act causes some legal injury, an exception to this general rule exists for **continuing torts**. *First General Realty Corp. v. Maryland Casualty Co.*, 981 S.W.2d 495, 501 (Tex. App. Austin 1998, pet. denied); *Adler v. Beverly Hills Hospital*, 594 S.W.2d 153, 154 (Tex. Civ. App. Dallas 1980, no writ). A continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted, and each day creates a separate cause of action. *Two Pesos, Inc. v. Gulf Insurance Co.*, 901 S.W.2d 495, 500 (Tex. App. Houston [14th Dist.] 1995, no writ); *Arquette v. Hancock*, 656 S.W.2d 627, 629 (Tex. App. San Antonio 1983, writ ref'd n.r.e.). Limitations begins to accrue when the defendant's tortious conduct ceases. *Tectonic Realty Investment Co. v. CNA Lloyd's of Texas Insurance Co.*, 812 S.W.2d 647, 654 (Tex. App. Dallas 1991, writ denied).

16. At first blush, the continuing tort doctrine may seem to conflict with the general rule of accrual that limitations is not tolled pending the manifestation of subsequent injuries. *See Childs v. Haussecker*, 974 S.W.2d 31, 33 (Tex. 1998); *Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716 (Tex. App. San Antonio 1998, pet. denied). However, the two principles are not in conflict. Accrual is not tolled for subsequent injuries because a wrongful act and some identifiable legal injury have already occurred. That additional legal injuries may subsequently occur does not vitiate that the initial legal injury, no matter how

small, was sufficient to trigger the accrual of a cause of action and start the running of limitations.

17. In cases subject to the continuing tort doctrine, however, not only are subsequent injuries occurring, but **additional** wrongful acts triggering these subsequent legal injuries.  **Honda actively attempted to string plaintiff along so that he could not simply file suit**, and thus providing separate causes of action, Defendants are therefore responsible for these continuing acts of common-law fraud, fraud in the inducement, fraud by nondisclosure, and civil conspiracy to commit common-law fraud against Plaintiff and others similarly situated.  He was a victim in the fear of getting injured trying to ride a defective motorcycle.  He missed numerous opportunities to ride with his family members.  He could not participate in the family motorcycle rides because he was without a bike. *However, Plaintiff would like to reserve the right to further amend following discovery to either add new claims and new defendants, if permitted and/or file a nonsuit against any parties for which the evidence shows they were not involved in order to more accurately seek a just result in this case.*

18. Emotional distress.  Honda's actions have clearly caused Mr Craig much emotional distress, and due to the length of time Mr Craig has had to think

about what happened to him and the brazen statements made during this ordeal, the deleterious nature of these actions are undeniable.

19. Equitable tolling and equitable estoppel do, in fact, both apply in this case.

20. ATTORNEY'S FEES. The federal lemon law entitles Plaintiff to recover his attorney's fees and costs. . Plaintiff thereby requests that the Court and jury award his attorney's fees and expenses.

21. JURY DEMAND. Plaintiff respectfully demands a jury trial.

## CONCLUSION

22. As a result, the Plaintiff should be awarded damages including actual and punitives plus 25% annual interest, total **$375,000.** Due to the actions of Defendant, plaintiff has been damaged substantially. While no amount of money can give him the damages to his reputation back, it might help ease the pain.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court, exemplary and punitive damages against all individual defendants, pre-judgment interest, postjudgment interests, costs of court,

Sincerely,

Sammy Crary

10101 Fondren
Ste 353
Houston, TX
77096



Sunny Carey
10101 Fondren Rd #363
Houston, TX 77096

CLERK, U.S. DISTRICT COURT
RECEIVED
MAR 08 2021
EASTERN DISTRICT OF TEXAS
LUFKIN, TEXAS

U.S. District Clerk
Ward R Burke U.S. Courthouse
104 North Third Street
Lufkin, Texas 75901